UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY PATU,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHERYL ALBERT,<br><br>　　　　　　　　　　Defendant. | CASE NO. C16-385-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Ricky Patu is a state prisoner who is currently confined at the Washington State Penitentiary ("WSP") in Walla Walla, Washington.  On March 14, 2016, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that Sheryl Albert, an Advanced Registered Nurse Practitioner at the Monroe Correctional Complex ("MCC"), violated his Eighth Amendment rights when she denied his request to be prescribed Metamucil to treat his chronic constipation.  (Dkt. 1.)  Plaintiff subsequently submitted an application to proceed with this action *in forma pauperis*.  (Dkt. 7.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions that were

REPORT AND RECOMMENDATION
PAGE - 1

dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. This Court's records reflect that plaintiff has filed at least three prior civil actions, *in forma pauperis*, which were dismissed for failure to state a claim upon which relief may be granted. *See Patu v. Hutchins*, C15-720-BJR (dismissed December 17, 2015); *Patu v. Bennett*, C15-0775-JCC (dismissed September 9, 2015); *Patu v. Albert*, C15-0722-RSM (dismissed July 17, 2015); *Patu v. Lee*, C15-5332-RJB (dismissed June 29, 2015); and, *Patu v. Allbert*, C14-0765-MJP (dismissed September 2, 2014). Accordingly, plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

Plaintiff asserts in his complaint that he is in imminent danger because staff at WSP have "periodically given me prune juice whenever they feel like it." (*See* Dkt. 1 at 2.) Regardless of one's personal feelings about prune juice, exposure to prune juice in the manner described by plaintiff is simply insufficient to satisfy the imminent danger exception.[1] Plaintiff is therefore ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

---

[1] The Court notes that plaintiff's claim of imminent danger arises out of his current confinement at WSP and is therefore unrelated to his underlying Eighth Amendment claim which arose out of his confinement at MCC. The Court further notes that the Eighth Amendment claim asserted in this action is almost identical to a claim asserted by plaintiff in a prior action which was dismissed on summary judgment. *See Patu v. Albert*, C15-721-JLR, Dkts. 32 and 36.

REPORT AND RECOMMENDATION
PAGE - 2

Based on the foregoing, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied.  This Court further recommends that plaintiff be directed to pay the filing fee within thirty days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **May 10, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 13, 2016.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 19th day of April, 2016.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3